COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-451-CV

 

 

DAVID SCOT LYND                                                              APPELLANT

 

                                                   V.

 

NORTHWOOD MHC, L.P.,                                                      APPELLEES

D/B/A
NORTHWOOD AND 

CITY
OF LEWISVILLE/LEWISVILLE 

POLICE
DEPARTMENT

                                              ------------

 

FROM
THE 367TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant David Scot Lynd
appeals from the trial court=s order severing his claims against appellees Northwood MHC., L.P.,
d/b/a Northwood, the City of Lewisville, and the Lewisville Police Department
from his divorce proceeding involving Lea Ailene Cox.  Both causes of action were originally filed
under Cause No. 2007-50902-367. 

On January 14, 2008, this
court sent a letter to appellant advising him that we may lack jurisdiction
over his appeal because the trial court=s AOrder on
Motion for Severance@ did not
appear to be a final, appealable order or judgment and stating that unless
appellant or any party desiring to continue the appeal filed a response on or
before January 24, 2008, showing grounds for continuing the appeal, we would
dismiss the appeal for want of jurisdiction.[2]  Appellant did not file a response.  








This court has jurisdiction over appeals from final judgments and
certain interlocutory orders, if specifically authorized by statute.[3]  The order from which appellant appeals is
neither a final judgment nor an interlocutory order for which an appeal is
authorized by statute.[4]  Because we have no statutory authorization to
review the trial court=s
interlocutory order granting appellees= motion to sever, we dismiss this appeal for want of jurisdiction.[5]  

 

PER CURIAM

 

PANEL D: 
CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

 

DELIVERED: 
February 21, 2008                            

 











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. App. P. 42.3(a).





[3]See
Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992).





[4]See Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)
(Vernon Supp. 2007); Jack B. Anglin Co., 842 S.W.2d at 272 (AA
final judgment is one which disposes of all legal issues between all parties.A).





[5]See Tex. R. App. P. 42.3(a), 43.2(f).